UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MADISON SHEWMAKER, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> YARDI SYSTEMS, INC., *et al.*, <br><br> Defendants. | Cause No. 2:24-cv-01948-RSL <br><br> ORDER |

This matter comes before the Court on "Defendants Grubb Properties, LLC and McWhinney Property Management, LLC's Unopposed Motion to Waive Geographic Requirement in LCR 83.1." Dkt. # 81. Pursuant to Local Civil Rule 83.1(d)(1), an attorney who neither resides in nor maintains an office for the practice of law in this district may, upon application and a showing of a particular need, appear and participate in the case *pro hac vice*. The client must, however, also be represented by local counsel who has a physical office within the boundaries of the district and is admitted to practice before this Court. Local counsel has discrete and specific duties, most of which require familiarity with the local rules and the judges of this district as well as physical proximity to the courthouse. LCR 83.1(d)(2).

The moving defendants argue that Kristin M. Asai, who does not satisfy the physical office requirement, should be permitted to act as local counsel because (1) she is admitted to practice in this district; (2) she lives within the district and her physical office is located nearby

ORDER - 1

in Portland, Oregon; and (3) the physical office requirement has previously been waived for her in six other matters in this district. While the first argument is of little import, counsel's familiarity with this district, its local rules, and its committment to maintaining a high degree of professionalism and civility among the lawyers practicing here – as shown by her multiple appearances (CM/ECF reveals at least 17 cases in which Ms. Asai was or is counsel of record in the last seven years) and her demonstrated ability to litigate without local counsel – militates in favor of waiving the physical office requirement. In addition, counsel's proximity to the district will ensure that she is available and prepared to handle hearings and conferences as scheduled by the Court.

For all of the foregoing reasons, the unopposed motion to waive the physical office requirement (Dkt. # 81) is GRANTED.

Dated this 10th day of January, 2025.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER - 2