UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MADISON SHEWMAKER, *et al.*,

Plaintiff,

v.

YARDI SYSTEMS, INC., *et al.*,

Defendants.

Cause No. 2:24-cv-01948-RSL

ORDER

This matter comes before the Court on "Defendant PRG Real Estate Management, Inc.'s Unopposed Motion to Waive Geographic Requirement in LCR 83.1." Dkt. # 81. Eric Fisher is a member of the Washington bar who lives and works in Georgia. He has appeared in this litigation on behalf of defendant PRG Real Estate Management, Inc., as authorized by LCR 83.1(d)(1), but now seeks to sponsor the *pro hac vice* applications of two of his colleagues from Chicago and Atlanta.

Pursuant to Local Civil Rule 83.1(d)(1), an attorney who neither resides in nor maintains an office for the practice of law in this district may, upon application and a showing of a particular need, appear and participate in the case *pro hac vice*. The client must, however, also be represented by local counsel who has a physical office within the boundaries of the district and is admitted to practice before this Court. Simply being a member of the Washington bar is insufficient to establish "local counsel" status. Local counsel has discrete and specific duties,

ORDER - 1

most of which require familiarity with the local rules and the judges of this district as well as proximity to the courthouse. LCR 83.1(d)(2). Hence the physical office requirement.

Mr. Fisher argues that he should be permitted to fill the role of local counsel because he "is admitted to practice in the Western District of Washington[] and regularly appears before courts in this District." Dkt. # 108 at 2. The CM/ECF system shows that Mr. Fisher has appeared in only one other case in this district. *See Fifteen Twenty-One Second Avenue Condominium Association v. Viracon LLC*, C23-1999BJR. Another lawyer with a physical office in Seattle has also appeared on behalf of his client in that case: that lawyer appropriately signed the *pro hac vice* applications in her role as local counsel.

As discussed above, simply being admitted to practice in this district does not confer "local counsel" status. This district is committed to maintaining a high degree of professionalism and civility among the lawyers practicing before the court and requires local counsel to review and sign all filings, ensure that the filings comply with the local rules, and remind *pro hac vice* counsel of this district's expectations. LCR 83.1(d)(2). Counsel who do not regularly practice in the Western District of Washington may not fully comprehend the magnitude of their responsibilities and may not be well-placed to serve the functions assigned to local counsel. In addition, the district requires local counsel to be authorized and prepared to handle courtroom appearances if *pro hac vice* counsel is unable to be present on the date scheduled by the court. Counsel who reside on the other side of the country lack the proximity to the courthouse this part of the rule requires.

ORDER - 2

While the Court has, on occasion, granted requests to waive the physical office requirement, each request must be considered on the totality of the circumstances. Under the circumstances presented here, the motion to waive the physical office requirement (Dkt. # 108) is DENIED.

Dated this 27th day of January, 2025.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER - 3